ORIGINAL



RECEIVED
AUG 20 2019
PRO SE OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COGAN, J.

---

Samuella Compere

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Aids Healthcare Foundation, Inc.

_____

_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

---

**Complaint for Employment Discrimination**

Case No. CV19 - 4878
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                 Samuella Compere
Street Address       295 E 34th Street    Apt 2
City and County      Brooklyn        Kings
State and Zip Code   NY        11203
Telephone Number     347 - 300 4108
E-mail Address       SamuellaCompere@ymail.Com

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name                    Aids Healthcare Foundation
Job or Title
(if known)
Street Address          161-21 Jamaica Ave    7th Floor
City and County         Jamaica        Queens County
State and Zip Code      NY        11432
Telephone Number        929 421 4620
E-mail Address          HR@ Aidshealth.Org
(if known)

Defendant No. 2

Name                    Lawrence Goldstein
Job or Title            Pharmacy Manager
(if known)
Street Address          161
City and County

State and Zip Code _____

Telephone Number _____

E-mail Address     Lawrence.Goldstein@Aidshealth.Org

(if known)

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name               Aids Healthcare Foundation (Pharmacy)

Street Address     161-21 Jamaica Ave      7th Floor

City and County    Jamaica        Queens County

State and Zip Code   NY        11432

Telephone Number     929-421-4620

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:
   OSHA    ,    Family Medical leave Act.

☐ Relevant state law *(specify, if known)*:
   _____

☐ Relevant city or county law *(specify, if known)*:
   _____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.  Please see Statement of Claim after this page.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☑ Termination of my employment.
☐ Failure to promote me.
☑ Failure to accommodate my disability.
☑ Unequal terms and conditions of my employment.
☑ Retaliation.
☑ Other acts *(specify)*:   Harassment while disabled

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

1/16/2019,  2/6/2019,  2/12/2019,  3/29/2019,  4/1/2019,  4/2/2019,  4/8/2019

4

**Statement of Claim**

I was hired by Aids Healthcare Foundation on 3/6/2017. Aids Healthcare Foundation has over 15 employees.

Before being diagnosed, in 2018 there were multiple occasions where I went to doctor for bladder pain, urinary dysfunction, and chronic pain. From the time on or around October 2018, I was working a post that made it easier to manage these symptoms, including that I could stretch out, did not have to stand up and sit down multiple times throughout the workday, and it was located closer to the restroom. In early January of 2019, however, my supervisor Lawrence Goldstein transferred me away from this post to one that did not have any of these advantages -- despite the fact that he knew about my symptoms.  After being transferred, my symptoms worsened.  On 1/15/2019, I left work early to go see a Urogynocologist and I was diagnosed with Interstitial Cystitis, a chronic painful condition in the bladder.

After being diagnosed,

1.  While working for AIDS Healthcare Foundation, on 1/15/2019 I requested reasonable accommodation from my supervisor Lawrence Goldstein, for a reduced work schedule to treat and take care of my painful bladder condition. On 1/16/2019 I was denied reasonable accommodation without further discussion.  As a result, I was not permitted to discuss the possibility of other reasonable accommodations.

2.  On 2/6/2019,  I requested a reasonable accommodation for a reduced work schedule again from Regional Manager Louis Mourandi (supervisor of Lawrence Goldstein) as well as a transfer to a more suitable location, because of harassment from my supervisor Lawrence Goldstein. Louis Mourandi denied my reasonable accommodation request for a reduced work schedule the same time I asked.  Louis Mourandi delayed decision indefinitely on my reasonable accommodation request for a transfer.

3.  On 2/12/2019 I was given a final written warning about an exchange with Lawrence Goldstein that happened back in November 2018. The incident is described in more detail below, and it involved one of the times that I requested reasonable accommodation from Lawrence Goldstein regarding my difficulties using a dysfunctional inventory machine.  Until my receipt of this final written warning, I was not aware

that my request for accommodation was being written up for disciplinary action. In fact, in January 2019, I was given a bonus for annual good behavior of the year of 2018.

4. My health continued to decline without reasonable accommodation. I saw a urologist specialist on 3/27/2019. My supervisor Lawrence Goldstein was absent 3/28/2019. On 3/29/2019 I gave him a copy of a physical therapy certification note for urinary urgency, from my urologist. This was not the first time that I informed him about my disability. I provided him with this proof of my disability in response to his repeated denials of reasonable accommodation.

5. On 4/1/2019 I adjusted my seat and moved my chair to a different workstation that happen to be closer to my supervisor Lawrence Goldstein, in order to relieve pelvic and leg pain. Mr. Goldstein stated that he did not like the fact that I moved my chair to another station. I told him it was to relieve pain. Mr. Goldstein kicked my chair a few times as he walked passed my chair.

6. On 4/2/2019  Lawrence Goldstein altered my lunch order by ordering me a spicy dish, which I am not able to eat due to my disability.  Mr.Goldstein then lied in front of my coworkers and stated that I told him to change my food order, when I have never gave him permission to change or rearrange my order. Nor have I ever had issues in the past ordering food with the company.

7. On 4/3/2019 I spoke with Jennifer Hanbury from HR department pleading help for reasonable accommodation and a transfer from my supervisor or just a small meeting which would include an interactive process to resolve my conflicts while employed for Aids Healthcare Foundation. My request was delayed due to the fact that Jennifer Hanbury was resigning from her position. She told me her last day is 4/9/2019,  and that Jennifer Grillo Supervisor of HR department will handle my complaint. Jennifer Grillo never contacted me to discuss my needs for accommodation or any of my concerns.

8. On 4/5/2019 My sister Melissa Compere called Jennifer Grillo stating she must fix the issues because it's been going on for too long.

9. On 4/8/2019 I was terminated from AIDS Healthcare Foundation.

C.   I believe that defendant(s) *(check one)*:

      ☑ is/are still committing these acts against me.

      ☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

      ☐ race _____

      ☐ color_____

      ☐ gender/sex _____

      ☐ religion _____

      ☐ national origin _____

      ☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

      ☑ disability or perceived disability *(specify disability)*
          Interstitial Cystitis _____

E.   The facts of my case are as follows. Attach additional pages if needed.

      _Please see facts of my case after this page-_

      _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

The facts of my case are as follows:

I began working for AIDS Healthcare Foundation on 3/6/2017. I was doing very well and everything was going very well. I even became face of the companies website by the beginning of 2018. Unfortunately for me, in 2018 I started having bladder problems. This caused me to go to urgent care, multiple doctor visits, Emergency room visits, specialty doctor visits.  By the end of 2018 my bladder pain became severe, and it started causing pelvic pain, leg pain, groin pain, back pain, and more. This has also caused me restless nights. I was on multiple medications, that happened to be filled with my pharmacy job in order to receive treatment on time. The medications were not working for my condition.  My supervisor was also my pharmacist, he was well aware of my chronic bladder condition.

After multiple treatment failures, on 1/15/2019 I received a diagnosis of Interstitial Cystitis. (exhibit A)  I didn't really know what it meant or what it was. I requested a reduced modified work schedule that same day as my health was deteriorating each day I dealt with bladder pain. I was only requesting a four day work week instead  of five, which I knew would not impose an undue hardship for the company. That day Lawrence Goldstein sent out an email in regards to my disability request, and told me he will let me know when they respond.  On 1/16/2019 around 10am in the morning,  my supervisor Lawrence Goldstein told me they denied my request, without even getting a chance to go through an interactive process to see how I am doing.  I texted my friend Dequan Johnson that afternoon stating what was said by my supervisor. Mr.Johnson is well aware of my bladder situation and he knew I was trying to request a reduced work schedule to take better care of my chronic condition. (Exhibit B)

As my health continued to deteriorate and my pain gradually became worse, I went above my manager and called his supervisor  Louis Mourandi on 2/6/2019, to request a reduced modified work schedule again. I was denied again while on the phone with him. Because I was denied again I requested a transfer from my location to work for another location. I was being mistreated by my supervisor even before my disability took place. Before my disability problem, I did so well at my job in order for him not to mistreat me as his technician. After knowing about my disability the mistreatment became worse, because I wasn't able to work as hard as I once did for the company.

I observed that after being denied reasonable accommodation the second time, and asking for a transfer to a different location from the regional supervisor, I received a bad performance review from my supervisor who I made the complaint about. On 2/12/2019 I received a final written warning out of nowhere in regards to an incident that happened in November 2018 (during which I asked for reasonable accommodations for my symptoms, before my diagnosis). During that incident I requested not to be forced to use a broken inventory system which posed a threat to my health at the time due to pelvic pain related to my bladder issues. All I asked was for my supervisor to fix the issue in order for me to use the inventory system correctly without injuring myself.

(Under OSHA law 1977.12(b)(2) I have the right to refuse a task that poses a serious injury to myself and I am allowed to ask my employer to fix the issue in order to do my job correctly. ). I was walking on eggshells with the company after being denied accommodations twice and complaining about harassment from my supervisor.

I learned after my appointment with my urologist on 3/27/2019 that I would be needing physical therapy for pelvic dysfunction and urinary urgency to reduce my pain and help heal my bladder dysfunction . On 3/28/2019 my supervisor was absent, but by 3/29/2019 I provided him with a prescription letter which stated my need for physical therapy, in hopes that would help them reconsider my accommodation request. Unfortunately nothing was done to help and no interactive process (including no further discussion) was done either. (Exhibit C)

By 4/1/2019 I changed workstation to an empty workstation that was closer to Lawrence Goldstein. My previous workstation caused my pelvic pain to worsen. I had to keep getting up every time someone needed to use the fax machine, and I was unable to stretch out my leg to reduce my pain. My supervisor was upset with me because I changed to an empty workstation nearby his workstation. He started kicking my chair every time he walked passed it.

The next day 4/2/2019 that morning I switched my chair for a smaller chair in order for him to avoid kicking it. But that same day my food order was altered by my supervisor to a spicy dish. Spicy food should be avoided with anyone who has Interstitial cystitis due to irritation of the bladder wall. He lied in front of my peers

and said that I told him to change my order. I never gave him permission at all to change, add, adjust, or even rearrange my food order. I also never had issues ordering food in the past. (Exhibit D)

4/3/2019 I called HR in need of desperate help. HR staff member Ms.Hanbury told me she will be no longer working for the company her last day is 4/9/2019, HR director Ms.Grillo will be in charge of my situation.

4/5/2019 Crying to my sister Melissa Compere, during my lunch break, she calls Director of HR requesting that she resolves my issue promptly due to my health declining while working for the company.

4/8/2019 I was terminated by my supervisor Lawrence Goldstein in a room alone, and HR staff member Jennifer Hanbury over the phone. I received a text message later that day from another supervisor from another location stating that I was going to be ok, and that he used to work under my supervisor so he knows that my situation was "unnecessarily stressful". His reference to my boss in this message is a reference to Mr. Goldstein. (Exhibit E)

4/9/2019 Jennifer Hanbury's last day but that day was also my first physical therapy appointment. I was unable to attend physical therapy on time. I was unable to afford my copays while being unemployed.

Not only were my ADA rights violated, but also my FMLA rights as well which I qualified for. I worked more than a year and over 1250 hours for the company who employed more than 50 employees in a 75 mile radius.

In addition, my OSHA rights were violated after receiving a written notice from the incident that happened in November that was stated, although the supervisor called and fixed the issue I did the work I was told to do.

From January 2019 to April 2019 I lost over 20 pounds  and my blood pressure was shown dropping per each doctor visit. I have proof of email from my doctor and I,  about how this situation was affecting me physically and mentally. I started receiving mental health treatment after being mistreated and fired by AIDS Healthcare Foundation.

I have proof beyond doubt what happened to me is the truth.

I did a lot for this company. A lot of hard work that I put in to help the company reach their goals and achievements. All I was asking for was help with my disability by receiving one extra day off as well as ending the harassment from my supervisor during my disability. Management at the AIDS Healthcare Foundation watched me suffer then let me go while being disabled.

Title I of the Americans with Disabilities Act of 1990 prohibits private employers, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment. The ADA covers employers with 15 or more employees, including state and local governments. It also applies to employment agencies and labor organizations. The ADA's nondiscrimination standards also apply to federal sector employees under section 501 of the Rehabilitation Act, as amended, and its implementing rules.

An individual with a disability is a person who:

Has a physical or mental impairment that substantially limits one or more major life activities;

Has a record of such an impairment; or

Is regarded as having such an impairment.

A qualified employee or applicant with a disability is an individual who, with or without reasonable accommodation, can perform the essential functions of the job in question. Reasonable accommodation may include, but is not limited to:

Making existing facilities used by employees readily accessible to and usable by persons with disabilities.

Job restructuring, modifying work schedules, reassignment to a vacant position;

Acquiring or modifying equipment or devices, adjusting or modifying examinations, training materials, or policies, and providing qualified readers or interpreters.

An employer is required to make a reasonable accommodation to the known disability of a qualified applicant or employee if it would not impose an "undue hardship" on the operation of the employer's business. Reasonable accommodations are adjustments or modifications provided by an employer to enable people with disabilities to enjoy equal employment opportunities. Accommodations vary depending upon the

needs of the individual applicant or employee. Not all people with disabilities (or even all people with the same disability) will require the same accommodation. For example:

A deaf applicant may need a sign language interpreter during the job interview.

An employee with diabetes may need regularly scheduled breaks during the workday to eat properly and monitor blood sugar and insulin levels.

A blind employee may need someone to read information posted on a bulletin board.

An employee with cancer may need leave to have radiation or chemotherapy treatments.

An employer does not have to provide a reasonable accommodation if it imposes an "undue hardship." Undue hardship is defined as an action requiring significant difficulty or expense when considered in light of factors such as an employer's size, financial resources, and the nature and structure of its operation.

An employer is not required to lower quality or production standards to make an accommodation; nor is an employer obligated to provide personal use items such as glasses or hearing aids.

An employer generally does not have to provide a reasonable accommodation unless an individual with a disability has asked for one. if an employer believes that a medical condition is causing a performance or conduct problem, it may ask the employee how to solve the problem and if the employee needs a reasonable accommodation. Once a reasonable accommodation is requested, the employer and the individual should discuss the individual's needs and identify the appropriate reasonable accommodation. Where more than one accommodation would work, the employer may choose the one that is less costly or that is easier to provide.

Exhibit A    1 of 3

## Order Related Charges

| Order # | Procedure Code | Description | Qty | Modifiers | Ordering User | Auth. Prov. | Diagnosis | Status |
|---------|----------------|-------------|-----|-----------|---------------|-------------|-----------|--------|
| 305063135 | 87088.01 | CULTURE-URINE BACTERIAL | 1 | | Lisa Dabney, MD | Lisa Dabney, MD | Dysuria | Deleted |

## Other Charges

| Charge ID | Procedure Code | Description | Qty. | Modifiers | Charge Entry User | Diagnosis | Status |
|-----------|----------------|-------------|------|-----------|-------------------|-----------|--------|
| 115636028 | 99213 | OFFICE VISIT,EST,LEVL III (99213) | 1 | | Lisa Dabney, MD | Interstitial cystitis (chronic) without hematuria; Dysuria; Other specified noninflammatory disorders of vagina | Filed |
| 115636035 | G8484 | FLU IMMUNIZE NO ORDER/ADMIN | 1 | | Lisa Dabney, MD | Interstitial cystitis (chronic) without hematuria | Deleted |
| 115636036 | G8427 | DOC MEDS VERIFIED W/PT OR RE | 1 | | Lisa Dabney, MD | Interstitial cystitis (chronic) without hematuria | Filed |
| 115636037 | 1036F | CURRENT TOBACCO NON-USER CAD CAP COPD PV DM | 1 | | Lisa Dabney, MD | Interstitial cystitis (chronic) without hematuria | Filed |
| 115636038 | G9903 | PT SCRN TBCO ID AS NON USER | 1 | | Lisa Dabney, MD | Interstitial cystitis (chronic) without hematuria | Filed |

## 🐟 Level of Service

Level of Service
**OFFICE VISIT,EST,LEVL III (99213) [99213]**

## Communication Routing History

| Recipient | Method | Sent by | Date Sent |
|-----------|--------|---------|-----------|
| Samuella Compere<br>932 MADISON ST<br>APT A3<br>BROOKLYN NY 11221<br>Phone: 347-300-4108 | Mail | Nicollette Monzidelis, NP | 1/17/2019<br>Letter from Lisa Dabney, MD created on 1/17/2019 |

Exhibit A 20f3

## Encounter Status

Electronically signed by Lisa Dabney, MD on 1/15/19 at 14:24

## All Flowsheet Templates (all recorded)

None

## Letters

| | Status |
|---|---|
| Lisa Dabney on 1/17/2019 | Sent |

Episodes
** None **

## Diagnoses

Visit Diagnosis Changes
234608 marked as Primary Diagnosis by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM
Added   234608 by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM
Added   788.1.ICD-9-CM by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM
Added   201766 by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM

## Diagnoses

Visit Diagnosis Changes
234608 marked as Primary Diagnosis by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM
Added   234608 by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM
Added   788.1.ICD-9-CM by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM
Added   201766 by DABNEY, LISA (DABNEL01), Tue Jan 15, 2019  2:21 PM

## ☐ Encounter-Level Documents:

There are no encounter-level documents.

## ☐ Order-Level Documents:

There are no order-level documents.

Exhibit A 3 of 3



**Mount Sinai
West**

Urogynecology & Pelvic
Reconstructive Surgery
Department of
Obstetrics & Gynecology

Lisa Dabney, MD
200 W 57th Street,
Suite 1001
New York, NY 10019

P: 212-523-7570
F: 212-523-5737

**Mount
Sinai**

Samuella Compere
932 Madison St
Apt A3
Brooklyn NY 11221

Medical Record Number: A309133

January 17, 2019

Dear Ms. Samuella Compere,

I am happy to inform you that the results of the following recent tests were
normal:

URINE CULTURE

If you have any questions concerning these results, please call my office.

Sincerely,

Lisa Dabney, MD

Exhibit B

Dequan Johnson text message

True

I'm not getting too dressed up or anything probably some pants and heels with a dash of glitter lol

Lol

Wed, Jan 16, 3:33 PM

You were right !! Smh they denied me my day off and said they need me and they can't do that right now smh lol

Smdh

I'm soo hurt smh lol



Exhibit C 1of 2

VOID

VOID

VOID VOID

VOID            VOID

Exhibit C 2of2

**MOUNT SINAI MEDICAL CENTER**
Brooklyn Heights Urology
300 Cadman Plaza West, 17th Fl
Brooklyn, NY 11201
929-210-6170
Lic #: 266447 NPI: 1891091591

**Patient:** COMPERE, SAMUELLA
**Address:** 932 MADISON ST, APT A3
BROOKLYN, NY 11221

**Date:** 3/27/2019
**DOB:** 8/21/1996
**Age:** 22-year old
**Sex:** F

## REFERRAL TO PHYSICAL THERAPY
Primary Dx: Urinary urgency (R39.15)

Comment:

Prescriber's
Signature:

THIS PRESCRIPTION WILL BE FILLED GENERICALLY
UNLESS PRESCRIBER WRITES 'd a w' IN THE BOX BELOW.

Dispense As Written

4/2/19   Around ~~XXXX~~ 2pm.                     Exhibit D. 1082

The HCC Manager decided to buy everyone
at the office lunch. We usually get free
lunch every other day or week, so this nothing
new. Once M̶ Michelle was done writing down
what she wanted she brought the paper to me.
We were ordering from Don Nicos & I happened
to mentioned shrimp quesadilla to m̶e̶ Michelle
while she was standing next to me. I wrote
down the Shrimp quesadilla & a drink, then
passed the paper to Larry so he can write
his order. He overheared michelle and
I talking about the quesadilla, So he says to
me "hmmm... shrimp quesadilla?" & I Said
yes. After waiting almost an hour for the
food, it finally came. I went into the
other room where HCC staff was handling
the food. I reached for the quesadilla
but J̶a̶k̶e̶ told me to wait so they can verify.

Larry came in 2 mins after me & while
I was holding the quesadilla, He insisted the
quesadilla was for him, So I handed Larry
the quesadilla thinking there would be another
one for me. There was no other quesadilla
but instead ~~A~~ Shrimp Taco.

Exhibit D   2of2

They said to me "Sam this shrimp taco is for you". I was so shocked because I dont even like Tacos like that for me to even think of ordering it. Larry bods in to say "yea, I wrote it down for you, this is what you told me you wanted." He insisted that. I told him that embrassing me infront of everyone as if I didn't know what I ordered.

- Never did I ask, nor did he ask me anything about my order.

- If there was an issue with my order I should've been confronted.

- There is a Coincedence he got what I orginally wanted, and I received something I couldve never thought to order.

- I have a lot of allergies to food & food sensitivity, I stick to what I am used to. Not once did he apologize about the mishap because I never authorized him to write, change or add to my order. And straight lied and said this what I wanted

- There were peppers in the shrimp taco, I am not allowed to eat spicy food.





Exhibit E

**Fran AHF supervisor** >

Hey! They got to you?

Who's this

Frank

yea

Sorry.

It's cool, my health was declining working there anyways. I'll be fine

I retired under the regime you worked under

I'm sure it was unnecessarily stressful. All will be well for you

what do you mean?

Thanks Frank

No worries.  Your boss was my boss at one time

IV.   **Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment
      Opportunity Commission or my Equal Employment Opportunity counselor
      regarding the defendant's alleged discriminatory conduct on *(date)*

      _____ May 10th, 2019 _____

B.    The Equal Employment Opportunity Commission *(check one)*:

      ☐   has not issued a Notice of Right to Sue letter.

      ☑   issued a Notice of Right to Sue letter, which I received on *(date)*

          _____ May 22, 2019 _____

          *(Note: Attach a copy of the Notice of Right to Sue letter from the
          Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

      Since filing my charge of age discrimination with the Equal Employment
      Opportunity Commission regarding the defendant's alleged discriminatory
      conduct *(check one)*:

      ☐   60 days or more have elapsed.

      ☐   less than 60 days have elapsed.

V.   **Relief**

      State briefly and precisely what damages or other relief the plaintiff asks the court to
      order. Do not make legal arguments. Include any basis for claiming that the wrongs
      alleged are continuing at the present time. Include the amounts of any actual damages
      claimed for the acts alleged and the basis for these amounts. Include any punitive or
      exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
      actual or punitive money damages.

      Damages to be determined after reasonable discovery including but not
      limited to front pay, back pay, damages due to the worsening of my
      condition as a result of my employers wrongful acts, as well as for
      mental anguish, psychological pain and suffering caused by my employers
      discrimination. In addition, punitive damages due to the exceptional
      notice of my employers wrongful conduct.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08, 20, 2019.

Signature of Plaintiff   _____

Printed Name of Plaintiff   _____ Samuella Compere _____



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Samuella Compere
932 Madison St., Apt A3
Brooklyn, NY 11221

Re:    EEOC Charge No. 480-2019-02734
       Compere v. AIDS HEALTHCARE FOUNDATION

Dear Ms. Compere,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against based on your disability, in violation of the Americans with Disabilities Act (ADA), as amended.

Based upon the Commission's analysis, it is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

*Dilun L Nelaw* for

Kevin J. Berry
District Director

05/22/19
Date

Enc.

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Samuella Compere**
**932 Madison St**
**Apt A3**
**Brooklyn, NY 11221**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2019-02734 | **Debra L. Richards,** **Investigator** | (212) 336-3768 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry_                                    05/22/2018

**Kevin J. Berry,**
**District Director**

Enclosures(s)                                                              (Date Mailed)

cc:

**AIDS HEALTHCARE FOUNDATION**
**161-21 JAMAICA AVE**
**7TH FLR**
**Queens, NY 11432**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix,     and     other     ADA     related     publications,     available     at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),   **"major life activities"   now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2019-02734 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **Samuella Compere** | **(347) 300-4108** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **932 Madison St, Apt A3,  BROOKLYN, NY 11221** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **AIDS HEALTHCARE FOUNDATION** | | **(323) 860-5200** |

| Street Address | City, State and ZIP Code |
|---|---|
| **161-21 JAMAICA AVE, 7TH FLR,  QUEENS  NY 11432** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-08-2019**   Latest **04-08-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have a disability and because of that I was subjected to retaliation and discriminated against.

I began working for Respondent on March 6, 2017 as a Pharmacy Technician. I was terminated from my position on April 8, 2019 and told it was for poor performance.  I believe the reason was because I requested a reasonable accommodation.

Specifically, on January 15, 2019, I asked my supervisor, Lawrence Goldstein about an accommodation and he stated he would speak with his supervisor, Louis Mourandi. The next day my request was denied.

I called Louis Mourandi on February 6, 2019, to request accommodation again and to help with my unreasonable supervisor. I was denied during the conversation. But he mentioned getting a transfer to another location, which could help my situation with my supervisor. On February 7, 2019, I worked overtime after just being denied reasonable accommodation the day before. Then on February 12, 2019, I received the final warning about the issue that happened in November.

In November/2018, during the issue I denied using the new inventory system that had a malfunction because the extra

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Samuella Compere on 05-10-2019 10:53 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2019-02734 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

unnecessary steps would cause me more pain. Another technician was present, but she was not asked to take on that task. During the explanation of my final notice, my supervisor insisted that I should have used 'normal work arounds', but the inventory system was fairly new in November, and the issue was new as well, first time. I refused because of my pain and lack of understanding of the new system. My supervisor called and resolved the issue. March 27, 2019 I was absent for specialist appointment. March 29, 2019, I gave my supervisor copy of physical therapy prescription referral from my doctor. On numerous occasions because of numerous doctor visits I gave my supervisor doctor notes. There were times he even denied my excused absent notes, but I gave it to him anyways.

I provided medical documentation for my accommodation but there was never any interactive process.

While employed with Respondent I was always given good evaluation and things changed after I requested a reasonable accommodation.

Based on the above, I believe my rights have been violated under the Americans with Disabilities Act (ADA), as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Samuella Compere on 05-10-2019 10:53 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

CP Enclosure with EEOC Form 5,(11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.